**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, | No. C 10-02748 SI |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| v. | |
| ENRIQUE SOLIS ALVAREZ, | |
| Defendant. / | |

On June 23, 2010, pro se defendant Enrique Alvarez filed a Notice of Removal purporting to remove this criminal case from the Marin County Superior Court.[1] Defendant seeks to remove this action under 28 U.S.C. §§ 1441 & 1443.

From the face of the documents submitted, it is clear that removal is improper under 28 U.S.C. § 1441, which provides for removal only of civil actions. Under 28 U.S.C. § 1443, removal is permitted under the following circumstances:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. Removal under Section 1443 has been construed very narrowly, and defendant has

---

[1] Alvarez has captioned his filing "Alvarez v. People of the State of California" and refers to himself as "Petitioner." However, as Alvarez is attempted to remove a state criminal case in which he is a defendant, the Court will refer to him as "defendant" and has captioned this order accordingly.

not provided the Court with any facts that would support removal on this ground. *See City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827-28 (1966) ("Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.").

Defendant appears to argue that the state court has violated his right to self-representation under the California Constitution by requiring him to undergo a competency hearing prior to permitting him to proceed pro se in his criminal trial. This is insufficient to show that removal is justified to protect any federal right. Indeed, the state court's failure to conduct a competency hearing could lead to a serious violation of defendant's due process rights. *See Miles v. Stainer*, 108 F.3d 1109, 1112 (9th Cir. 1997) ("Due process requires a trial court to hold a competency hearing *sua sponte* whenever the evidence before it raises a reasonable doubt whether a defendant is mentally competent."). Thus, it appears to the Court that there is no valid basis for removal of this action.

Accordingly, Enrique Solis Alvarez is ORDERED TO SHOW CAUSE in writing no later than **2:00 pm** on **July 19, 2010** why this case should not be remanded to the Superior Court for the County of Marin. If defendant asserts that removal was proper and this Court has jurisdiction, defendant must specifically identify the basis for the removal and this Court's jurisdiction.

**IT IS SO ORDERED.**

Dated: July 9, 2010

SUSAN ILLSTON
United States District Judge

2